Parker, J.
delivered the opinion of the court—This is an application for a writ of error to the judgment of the circuit superiour court of Kanawha sentencing the petitioner to ten years imprisonment in the penitentiary, he having been convicted by the verdict of a jury, of passing a counterfeit bank note, knowing it to be counterfeit. Various errors are assigned in the petition, but several of them do not arise on the record, and the whole matter resolves itself into the question, whether the court ought to have granted the new trial asked for, on the ground that a paper was stuck up in the jury room, and read by the jury, when they retired to deliberate on their verdict, in which James Sturgeon, one of the jury, was charged with being himself a counterfeiter, and insinuating that he had come to the place of trial for the purpose of getting on the jury. The ground assumed is, that Sturgeon was so excited and distressed in mind by the exhibition of that paper, and his judgment so impaired, that he was unable to give the case a fair, full and free examination. Without deciding what the opinion of the court would have been, if this allegation had been borne out by evidence, we are of opinion, that *617 the evidence, in this case, proves nothing more than anger or excitement on the part of Sturgeon, against the author of the writing, without shewing in him any want of self-possession, or of a full and free exercise of the mind, when the question of the prisoner’s guilt or innocence was put seriatim to each juror. The testimony of Sturgeon himself is not in the record, and if it was, it wbuld probably be' entitled to little or no weight, because nothing would be more dangerous in practice, than to receive the testimony of jurors after verdict, in relation to their motives, situation or feelings, when they gave it. His subsequent declarations to several witnesses, shew, that he was disturbed and excited at the time he made them ; but they do not aflord to the court any evidence, that his verdict was at all affected by these feelings; whilst the testimony of the three jurymen in relation to what passed when the question was taken, lead to an opposite conclusion. We do not see any necessary connexion between the placard, and confusion or inability of mind. The charge was calculated, indeed, to arouse in the mind of an innocent man, angry and indignant feelings; but when he came to render his verdict, they might exercise no influence over his judgment. Unless there is a necessary connexion between the two things, the court ought at least to be satisfied of the fact of such influence: otherwise, it would bo easy for the friends of any accused person to put up such placards themselves, and to secure the certainty of obtaining a new trial, if the verdict should be against him. In this very case, it does not appear who placed the writing against the wall of the jury room, and it is at least possible that it might have been done by a friend of the prisoner, if the juror was in fact free from all suspicion of the acts and designs charged or insinuated.
It is said also, that the jury were tampered with, and an undue influence was attempted to be exercised over them all by the placard ; and that one of the jurors was *618 menaced and threatened, and therefore the prisoner was ^ not convicted according to law. The act of which the prisoner complains, was a most reprehensible one, for which the author, if discovered, ought to have been severely punished. But unless this act produced some effect upon the minds of the jurors, and materially influenced their deliberations and verdict, it is not perceived, how it makes the conviction unlawful. If we were to decide, that every attempt to tamper with or to intimidate a jury, or one of their number, whether successful or not, compelled the court to grant a new trial, when it was entirely satisfied that the verdict was fully sustained (as in this case) by the evidence, we should establish a most dangerous precedent, subversive of the best established principles of criminal law. Such a precedent we cannot establish.
We are of opinion, that the circuit court properly refused to grant a new trial.
There is however, an ei'ror in the judgment, not adverted to in the petition. The prisoner is sentenced to solitary confinement for one tenth of the term of ten years; whereas by the statute of 1S32-3, ch. 19. § 2. the maximum of solitary confinement is limited to one twelfth. The judgment must be corrected in this particular. See Brooks's case, 4 Leigh 671. Murray's case, 5 Leigh 724.